THEODORE OLLESHEIMER & BRO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   December 4, 1907.)

No. 75.

CUSTOMS DUTIES—CLASSIFICATION—WILLOW BASKETS—CHIP—"MANUFACTURES
   * * *  OF WILLOW."
   Under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 206, 30
   Stat. 168 [U. S. Comp. St. 1901, p. 1647], relating to "willow prepared
   for basket makers' use, * * * manufactures of * * * willow," it
   was the intention for the final clause to cover completed manufactures
   from the "prepared" willow enumerated in the preceding clause; and
   baskets made from willow chip would be dutiable thereunder rather than
   as "manufactures of chip" under Schedule N, par. 449, 30 Stat. 193 [U.
   S. Comp. 1901, p. 1678].

Appeal from the Circuit Court of the United States for the Southern
District of New York.

This cause comes here on appeal from a decision of the Circuit
Court, Southern District of New York, sustaining a decision of the
Board of General Appraisers which affirmed the action of the col-
lector of the port of New York in classifying certain imported mer-
chandise for duty under the tariff act of 1897.

For decision below, see 154 Fed. 167.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for the
importers.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge.   The articles in question are baskets
made out of willow which, prior to the manufacture of the baskets
themselves, had been subjected to various processes which advanced it
to a condition rendering it fit, without further treatment, for the use
of the basket maker.   These processes are thus described in appellant's
brief:

"The round willow is first split into two, three, or four parts, by means
of an instrument called a 'splitter.'  To each of these several pieces of split
willow is then applied an instrument known as a 'shaver,' the object of which
is to shave out the inside pith of the willow."

If the willow is small it needs no further operation to fit it for the
basket maker, but if it is large, "the pieces are put through a third
machine called a 'chipper,' the purpose is to chip off all the rough edges
and make each piece of uniform width."  The willow when thus pre-
pared is bought and sold, so far as the proof shows, to be made into
baskets and furniture.

The appellants contend that the baskets imported should be classi-
fied under paragraph 449, which reads:

"Manufactures of bone, chip, grass, horn, india-rubber, palm leaf, straw,
weeds, or whalebone, or of which these substances or either of them is the
component material of chief value, not specially provided for in this act, thirty
per centum ad valorem; but the terms 'grass' and 'straw' shall be understood
to mean these substances in their natural form and structure, and not the

158 F.—62

separate fibre thereof." Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

There seem to have been many varieties of baskets before the board, some made of whole willow, some of willow which had been merely split, and others of willow which had also had the pith removed and edges trimmed smooth. It is understood that no contention is made by the importers as to baskets made of whole willow or of willow which had been merely split. The process of manufacture above described leaves on one side of the prepared strip the tough, smooth, natural surface of the willow undisturbed, even where pith has been removed and edges trimmed. A voluminous record of conflicting evidence is presented on the question whether or not these prepared strips of willow, which the basket makers know as "willow" or "osier skein," are known as "chip" in trade and commerce. It will not be necessary to discuss that evidence. Even if it be recognized as one variety of "chip," viz., "chip of willow" (and it is not to be assumed that we find the testimony to warrant such conclusion), the language of another paragraph, which has no excepting clause in it, clearly indicates the intention of Congress not to include manufactures of "willow skein" or "chip of willow" within paragraph 449. It is provided in paragraph 206 as follows:

"206. Chair cane or reeds, wrought or manufactured from rattans or reeds, ten per centum ad. valorem; osier or willow prepared for basket makers' use twenty per centum ad valorem; manufactures of osier or willow, forty per centum ad valorem." Schedule D, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647].

Manifestly, if these skeins were being imported in the condition in which they were before baskets were made from them, they would be covered by the clause "osier or willow prepared for basket makers' use," and we cannot escape the conclusion that the last clause of the paragraph is intended to cover completed manufactures made out of the "prepared" as well as out of the "unprepared" osier or willow. The interpretation contended for by the importer would subject to 40 per cent. duty baskets made of whole willow, while baskets made out of willow which had been subjected to further processes increasing its cost would be allowed entry at 30 per cent.

The decision of the Circuit Court is affirmed.